UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11767 PBS

Bogdan Belzowski
Petitioner
A36-540-093

v

JOHN ASHCROFT; JOSEPH
McDONOUGH - Sheriff Plymouth.

Respondents

RECEIPT # 47934
AMOUNT $ 5.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

APPLICATION FOR FEDERAL WRIT OF
HABEAS CORPUS PURSUANT TO
28 USC § 2241

Now Comes Bogdan Belzowski (hereinafter "Petitioner") and Petitions this Honourable Court to Protect his Rights under the Due Process Clause of the Fifth Amendment USCA, Amend. 5

Petitioner is currently in detention by the BICE for a conviction which is not an aggravated felony under the statute.

Further, Petitioner respectfully request that this Honourable Court order the BICE to grant him bond as he continues to challenge the constitutional merits of his removability.

Although the Court is precluded by statute from reviewing final orders of removal against aliens who are removable by reason of having committed an aggravated felony, it retains jurisdiction to review whether the jurisdictional bar applies, that is, whether the alien was convicted of an aggravated felony. Immigration and Nationality Act, § 242(a)(2)(c), as amended, 8 U.S.C.A § 1252 (a)(2)(c).

While the immigration courts interpretation of ambigous provisions in the Immigration and Nationality Act, a statute it is charged with administering, must be granted substantial deference unless arbitrary, capricious or manifestly contrary to the statute, the Court reviews de novo the courts interpretation of state or federal criminal statutes. INA § 101 et seq., as amended, 8 USCA § 1101 et seq.

## Facts and Travel

Petitioner, Bogdan Belzowski, was lawfully admitted to the United States in 1982 as an immigrant from Poland.

He has resided here ever since and is a permanent resident.

The Government brought proceedings, seeking to deport the Respondent for having been convicted on April 12, 2001 of

offense of operating a motor vehicle under the influence of alcohol in violation of Chapter 90, Section 24 of the Massachusetts General Laws with a sentence of three and a half years to four and a half years.

Removal was also sought for the following additional charges:

Conviction on June 4, 1993 in Springfield (Mass) District Court for the offense of violation of a protective domestic order in violation of Mass. G.L. c. 208 § 34C;

Conviction on May 4, 1993 in Boston Municipal Court for the offense of assault and battery on a police officer in violation of G.L. c. 265 § 13D

It is alleged that the initial sentence of probation was revoked on November 18, 1993 and a sentence of one year imprisonment imposed.

The petitioner's position is that his conviction for operating under the influence is not a deportable offense.

The petitioner also asserts that he cannot be deported for convictions based on acts redefined as aggravated felonies which were not so classified when the respondent was convicted.

## FACTS

The Respondent is a 46 year old immigrant from Poland,

He is divorced with two children. On April 12, 2001 in Hampden Superior Court, the Respondent pleaded guilty to operating a motor vehicle under the influence of alcohol and was convicted and sentenced to a term of 3½ to 4½ years in prison. He is currently on parole.

# ARGUMENT

A.  Operating under the influence is not a crime of violence

The INS has commenced removal proceedings against the Respondent on the basis of the commission of an aggravated felony as defined in 8 USC § 101(a)(43)(F), specifically a crime of violence. The INA provides:

Definitions.

(a) As used in this chapter --.
  (43) the term "aggravated felony" means......

  (F) a Crime of Violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment is at least one year...

8 USC § 101(a)(43)(F). Looking to Title 18, "the term crime of violence means --.

  (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another or

(b) any other offense that is a felony and that, by its nature, involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## 18 USC § 16.

THE ISSUE, THEN, IS WHETHER THE OPERATION OF A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL IS A CRIME OF VIOLENCE. THE MASSACHUSETTS STATUTE STATES, IN PART:

WHOEVER, UPON ANY WAY OR IN ANY PLACE TO WHICH THE PUBLIC HAS A RIGHT OF ACCESS, OR UPON ANY WAY OR IN ANY PLACE TO WHICH MEMBERS OF THE PUBLIC HAVE ACCESS AS INVITES OR LICENSEES, OPERATES A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATION LIQUOR.... SHALL BE PUNISHED BY A FINE..... OR BY IMPRISONMENT... OR BOTH....

MASS. G.L. C90 SECTION 24(1)(a)(1).

NOWHERE IN THE STATUTE IS THERE A REFERENCE TO THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST PERSON OR PROPERTY. ~~THEREFORE~~

THEREFORE, IT IS NOT AN ELEMENT OF THE OFFENSE AND, HENCE, DOES NOT ESTABLISH A CRIME OF VIOLENCE UNDER 18 USC § 16(a).

IN FACT, ONE VIOLATES THE MASSACHUSETTS STATUTE NOT NECESSARILY FROM DRIVING OR SETTING THE VEHICLE IN MOTION, BUT MERELY BY STARTING THE ENGINE. Commonwealth v. Eckert, 431 MASS. 591, 599 (2000). ON THE

other hand, courts have looked at whether driving under the influence can be construed as a crime of violence under 18 USC § 16(b) as an offense that by its nature involved a substantial risk involving physical force against person or property. In United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001); rehearing denied 262 F.3d 479 (2001), the Fifth Circuit explored the statutory language and the elements of the offense of driving under the influence.

It concluded that for there to be a risk that substantive force will be used required <u>intentional</u> force, which is "virtually never employed to commit this offense". <u>Id</u>. Similarly, in Bazan-Reyes v Immigration and Naturalization Service, 256 F.3d 600 (7th Cir. 2001) the Court of Appeals for the Seventh Circuit noting the government's concession that DWI is not a crime of violence under 18 USC § 16(a), <u>Id</u> at 607, went on to hold that a conviction for driving under the influence is not a crime of violence under 18 USC § 16(b), <u>Id</u> at 612.

The court took pains to distance itself from the holdings of the Tenth and Eleventh Circuits, recognizing that to interpret the language of Sec. 16(b) as if it were equivalent to the language of the Sentencing Guidelines would make "almost any felony offense involving a substantial risk of physical harm accidental or otherwise---. a crime of violence." Id at 610.

For the foregoing reasons, respondent urges the court to determine that his conviction for operating a motor vehicle under the influence of intoxicating liquor is

X NOT AN AGGRAVATED FELONY UNDER INA § 101(a)(43)(F).

-B-

PRIOR CONVICTIONS THAT PRECEDE IIRIRA ARE NOT BASIS FOR DEPORTATION.

THE RESPONDENT IS ADDITIONALLY CHARGED WITH CONVICTIONS FOR VIOLATION OF A PROTECTIVE DOMESTIC ORDER IN VIOLATION OF G.L. c 208 §34 AND ASSAULT AND BATTERY ON A POLICE OFFICER IN VIOLATION OF G.L. c 265, SECTION 13D, WITH A SENTENCING AFTER PROBATION WAS REVOKED. BOTH ARE MISDEMEANORS UNDER MASSACHUSETTS LAW.

THE CONVICTIONS ARE ALLEGED TO HAVE OCCURED IN 1993. IN 1993, NEITHER CRIME WAS DEFINED AS A "CRIME OF VIOLENCE" FOR IMMIGRATION LAW PURPOSES.

IN 1996, CONGRESS PASSED THE ILLEGAL IMMIGRATION REFORM AND IMMIGRATION RESPONSIBILITY ACT (IIRIRA). THE ACT AMENDED INA 101(i)(43) TO REDEFINE "AGGRAVATED FELONY" TO INCLUDE, AMONG OTHER THINGS, CRIMES OF VIOLENCE FOR WHICH A TERM OF IMPRISONMENT OF AT LEAST ONE YEAR MAY BE IMPOSED.

IIRIRA SECTION 321(b) ALSO MODIFIED INA SECTION 101(a)(43) BY ADDING:

"NOTWITHSTANDING ANY OTHER PROVISIONS OF LAW (INCLUDING ANY EFFECTIVE DATE) THE TERM APPLIES REGARDLESS OF WHETHER THE CONVICTION WAS ENTERED BEFORE, ON OR AFTER SEPTEMBER 30, 1996 (THE DATE OF ENACTMENT).

AMENDMENTS MADE BY IIRIRA SECTION 321 APPLY TO ACTIONS

to actions taken on or after September 30, 1996 regardless of when the convictions occurred.

The government argues, therefore, that the petitioner's 1993 convictions are retroactively defined to make the respondent deportable.

It is clear that the petitioner was not deportable under section 237(a)(2)(A)(iii) at the time he was convicted in 1993. The conduct for which he was convicted did not at that time meet the definition of "aggravated felony" as it then existed.

Petitioner submits that, the retroactive application of the definition of aggravated felony for the purpose of removal under section 237(a)(2)(A)(iii) is not deportable.

Under the rule established in Landgraf v. Film Products, 511 U.S. 244 (1994), in order to attribute retroactive legal consequences to conduct or events occurring before enactment of the new law, the intent of Congress regarding retroactivity must be very clear.

When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach.

If Congress has done so, of course, there is no need to resort to judicial default rules.

When, however, the statute contains no such express

COMMAND, THE COURT MUST DETERMINE WHETHER THE NEW STATUTE WOULD HAVE RETROACTIVE EFFECT, I.E., WHETHER IT WOULD IMPAIR RIGHTS A PARTY POSSESSED WHEN HE ACTED, INCREASES A PARTY'S LIABILITY FOR PAST CONDUCT, OR IMPOSE NEW DUTIES WITH RESPECT TO TRANSACTIONS ALREADY COMPLETED. IF THE STATUTE WOULD OPERATE RETROACTIVELY, OUR PRESUMPTION TEACHES THAT IT DOES NOT GOVERN ABSENT CLEAR CONGRESSIONAL INTENT FAVORING SUCH A RESULT. Id AT 208.

THE INTENT OF CONGRESS WITH RESPECT TO DEPORTABILITY BASED ON RETROACTIVE EFFECT OF REDEFINED CRIMES IS NOT CLEAR, BUT AMBIGUOUS.

THEREFORE, THERE CAN BE NO PRESUMPTION IN FAVOR OF RETROACTIVE APPLICATION.

THE PRESUMPTION AGAINST RETROACTIVE LEGISLATION IS DEEPLY ROOTED IN OUR JURISPRUDENCE, AND EMBODIES A LEGAL DOCTRINE CENTURIES OLDER THAN OUR REPUBLIC. ELEMENTARY CONSIDERATIONS OF FAIRNESS DICTATE THAT INDIVIDUALS SHOULD HAVE AN OPPORTUNITY TO KNOW WHAT THE LAW IS AND TO CONFORM THEIR CONDUCT ACCORDINGLY; SETTLED EXPECTATIONS SHOULD NOT BE LIGHTLY DISRUPTED. FOR THAT REASON, THE "PRINCIPLE THAT THE LEGAL EFFECT OF CONDUCT SHOULD ORDINARILY BE ASSESSED UNDER THE LAW THAT EXISTED WHEN THE CONDUCT TOOK PLACE HAS TIMELESS AND UNIVERSAL APPEAL. Id at 265.

In the First Circuit, courts look for a plain statement from Congress expressly mandating retroactive application of a newly enacted law. Goncalves v. Reno, 144 F.3d. 110, 127 (1998). Landgraf requires a specific expression of intent from Congress that INA Section 237(a)(2)(A)(iii) requires removal of an alien earlier convicted of a misdemeanor now re-defined as an aggravated felony.

INA Section 237(a)(2)(A)(iii) states that an alien who is convicted of an aggravated felony at any time after admission is deportable. The statute was enacted as part of the Anti-Drug Abuse Act of 1988. It was made applicable to convictions on or after the date of enactment. That has not changed. Although the definition of aggravated felony has been amended, it does not follow that deportation must result here.

The petitioner was not convicted of an aggravated felony in 1993, but rather of a misdemeanor. As Congress did not amend Section 237(a)(2)(A)(iii) when it passed IIRIRA, it cannot be said that Congress clearly expressed an intent to make deportation as a new consequence retroactive. Such an intent cannot be deduced from an amendment to the definition of aggravated felony. This analysis is supported by INS v. St. Cyr, 121 S.Ct. 2271 (2001), "A statute may not be applied retroactively... absent a clear indication from Congress that it intended such a result." Id at 2288.

Consequently, the Supreme Court concluded that Congress did not act with sufficient clarity to make relief under Section 212(c) unavailable post enactment of

11 OF 11

OF IIRIRA TO ALIENS CONVICTED PRE-ENACTMENT. IT IS RESPECTFULLY SUGGESTED THAT THE SAME ANALYSIS REQUIRES THE CONCLUSION HERE THAT CONGRESS DID NOT ACT WITH SUFFICIENTLY CLEAR INTENT TO GIVE RETROACTIVE EFFECT ENABLING REMOVAL.

PETITIONER IN 1993 RELIED ON THE IMMIGRATION LAW AS IT EXISTED THEN TO PLEAD TO AN OFFENSE THAT WOULD NOT RENDER HIM DEPORTABLE BECAUSE HE KNEW "DEPORTATION WOULD MEAN CERTAIN SEPARATION FROM THE REST OF HIS FAMILY.

PETITIONERS REMOVAL IS NOT FORSEEABLE, HIS CONVICTIONS ARE NOT AGGRAVATED FELONY.

FOR THE FOREGOING REASONS, THIS COURT SHOULD ORDER THE BICE TO RELEASE PETITIONER, BECAUSE OF HIS CONVICTION BEING AN AGGRAVATED FELONY.

DATED: August 3rd, 2004
PLYMOUTH, MA. 02360

Respectfully Submitted,
Bogdan Belzowsk,
PCCF,
26 LONG POND ROAD,
PLYMOUTH, MA. 02360

Bogdan Belzowski 8-3-04

COPIES MAILED:
THE CLERK OF COURT
1 COURTHOUSEWAY,
BOSTON, MASSACHUSETTS

DISTRICT DIRECTOR
JFK Federal Building, Rm 425
GOVERNMENT CENTER
BOSTON, MASSACHUSETTS

By ~~REGULAR~~ CERTIFIED MAIL ~~FIRST CLASS~~

Department of Justice
gration and Naturalization Service

Notice to Appear

emoval proceedings under section 240 of the Immigration and Nationality Act

File No: A36 540 093

e Matter of:

ondent: BELZOWSKI, Bogdan    Mieczyslaw    W69370  PED: 04/16/04

1 Concord , P.O. Box 9106                              MA    01742         (617)727-1950
t Concord
                    (Number, street, city, state and ZIP code)           (Area code and phone number)

1. You are an arriving alien.
2. You are an alien present in the United States who has not been admitted or paroled.
3. You have been admitted to the United States, but are deportable for the reasons stated below.

Service alleges that you:
You are not a citizen or national of the United States;
You are a native of Poland and a citizen of Poland;
You were admitted to the United States at Buffalo, New York on or about June 11, 1982 as a Lawfully Admitted Permanent Resident;
You were, on April 12, 2001, convicted in the Hampden Superior Court [at] Springfield, Massachusetts for the offense of Operating a Motor Vehicle under influence of alcohol/intoxicant(6th Offense), in violation of Chapter 90, Section 24 of the Massachusetts General Laws;
You were sentenced to a term of imprisonment of three and one half(3.5) to four and one half(4.5) years.

he basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
ision(s) of law:

on 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been icted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, d States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

U ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
Be Set by EOIR, Rm 320 JFK Federal Building, Government Center, Boston, Massachusetts 02203
                    (Complete Address of Immigration Court Including Room Number, if any)
   To Be Calendared    at                   to show why you should not be removed from the United States based on the
       (Date)              (Time)
rge(s) set forth above.

                                                    Assistant District Director for Investigations
                                                    (Signature and Title of Issuing Officer)

    05/16/01                                        Boston, Massachusetts
                                                    (City and State)

                    See reverse for important information

                                                    Form I-862 (Rev. 4-1-97)

U.S. Department of Justice
Immigration and Naturalization Service

## Additional Charges of Inadmissibility/Deportability

In: ☒ Removal proceedings under section 240 of the Immigration and Nationality Act

☒ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

**In the Matter of:**

Alien/Respondent: Bogdan Mieczyslaw Belzowski # W69370

File No: A36 540 093          Address: c/o MCI Concord, P.O. Box 9106, West Concord, MA 01742

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(E)(ii) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who at any time after entry has been enjoined under a protection order and has been determined to have engaged in conduct in violation of that order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued;

1237

In support of the additional charge(s) there is submitted the following factual allegation(s) ☒ in addition to ☒ in lieu of those set forth in the original charging document:

6.) You were convicted on June 4, 1993, in the District Court of Springfield, Springfield, Ma for the offense of VIOLATION OF A PROTECTIVE DOMESTIC ORDER, IN VIOLATION OF Mass General Laws, C208 {34C, that Court determined that you had engaged in conduct that violated a portion of that order that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued;

7.) You were convicted on May 4, 1993, in the Boston Municipal District Court, Jury of six, for the offense of ASSAULT AND BATTERY ON A POLICE OFFICER, IN VIOLATION OF MGL: 265:13D,

8.) On November 18, 1993, your probation for the offense in item 7 above was revoked and you were sentenced to a term of imprisonment of one year.

Dated: September 10, 2001          _____
                                    (Signature of Service Counsel)

Form I-261(Rev. 4/1/97)N

IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of

Case No.: A36-540-093

*S-OS-BELZOWSKI, BOGDAN MIECZYSLAW
Respondent                     IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Oct 22, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[✓] The respondent was ordered removed from the United States to
    Poland.                                      ~~or in the alternative to~~
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to
[ ] Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[✓] Respondent's application for a waiver under section 212(c) of the INA was
    ( )granted (✓)denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____
    Date: Oct 22, 2002
    Appeal: Waived/Reserved   Appeal Due By: 11/21/02

                                              LEONARD I. SHAPIRO
                                              Immigration Judge

ALIEN NUMBER: 36-540-093                                    ALIEN NAME: AS-OS-BELZOWSKI, BOGDAN MIC

```
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (✓)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [✓] ALIEN's ATT/REP  [✓] INS
DATE:  10-22-02   BY: COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
```

Q6

No._____                                                          PAROLEE

# The Commonwealth of Massachusetts
## Executive Office of Public Safety
### PAROLE BOARD



### CERTIFICATE OF PAROLE

KNOW ALL MEN BY THESE PRESENTS:

It having been made to appear to the Massachusetts Parole Board that_____

__Bogdan Belzowkki__   DOB: __7-16-55__   Commitment No.__W-69370__   a prisoner sentenced to

__MCI-Walpole_____ is eligible to be paroled, and the matter having been given careful consideration, it is therefore ordered by the said Parole Board that the said prisoner be released on parole and permitted to be at liberty during the unexpired portion of the sentence which expires on the __Third__ day of __February__, 20__05__.

BE IT ALSO KNOWN that this permit to be at liberty is granted upon condition that said prisoner has agreed to observe and perform all of the rules and covenants as listed on the back of this permit and in the Supervision Manual for Parolees (General Parole Conditions). This permit to be at liberty is further granted upon the condition that said prisoner has agreed to observe all of the rules and covenants as listed below (Special Conditions):

Alcoholics Anonymous at Least 3 Times Per Week, Must Complete Program,
~~Release to I.C.E., Waive Work for Program, Supervised for Drug and Liquor Abstinence,~~
Report to Assigned Mass Parole Office on Day of Release if Not Detained by I.C.E.,
Long Term Residential Program with Aftercare-Must Enter Program Within Two Weeks Release Fr
From I.C.E.
(THESE GENERAL AND SPECIAL CONDITIONS ARE HEREBY MADE AND AGREED TO BE CONDITIONS PRECEDENT TO SAID PRISONER'S RELEASE)

By order of the MASSACHUSETTS PAROLE BOARD

_____
Chairman (or Designee)

I hereby certify that I fully understand the special conditions listed above and the general conditions listed on the back of this permit and in the Supervision Manual for Parolees. I fully understand that I am being released subject to these conditions and agree to faithfully observe the same.

Parolee: _Bogdan Belzocwski_                      02-05-2004
          Signature                                  Date

Witness: _____              2-5-04
         Name/Official Title                         Date

The above named prisoner was released on this __5th__ day of __February__ 20__04__

from __MCI-Shirley Medium__

_____
Superintendent