UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOGDAN BELZOWSKI, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 04cv11767-PBS |
| JOHN ASHCROFT, ET AL., | ) | |
| | ) | |
| Respondents | ) | |

RESPONDENT'S RETURN AND MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS

SUMMARY STATEMENT OF CASE

Respondent[1] moves to dismiss this action pursuant to Fed. R. Civ. P. rules 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted.

Because petitioner failed to exhaust his administrative remedies by perfecting appeal from an Immigration Judge's removal order to the Board of Immigration Appeals ("BIA"), this Court lacks subject matter jurisdiction under the command of 8 U.S.C. § 1252(d)(1).[2]  Sousa v. INS, 226 F.3d 28, 31 (1st Cir.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

[2] 8 U.S.C. § 1252(d)(1):

a court may review a final order of removal only if--

continued on next page

1

2000)("[w]hatever our own views, we are bound by precedent to apply the [8 U.S.C. § 1252(d)(1)] exhaustion requirement in a more draconian fashion.").

Moreover, even if habeas review of the removal order were available in this case, petitioner fails to state a colorable claim of legal error. <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

Accordingly, the case should be dismissed.

<u>FACTS AND CASE BACKGROUND</u>

Petitioner is a native and citizen of Poland who was admitted to the United States as a lawful permanent resident on June 11, 1982.  On May 4, 1993, petitioner was convicted in Boston Municipal Court, Jury of Six, for the offense of Assault and Battery, and sentenced to a term of imprisonment of one year. Also the same date petitioner was convicted of Violation of a Protective Domestic Order, relating to credible threats of violence, repeated harassment, or bodily injury to the person for whom the protective order was issued.  On April 12, 2001, petitioner was convicted in Hampden Superior Court, Springfield,

---

(1) the alien has exhausted all administrative remedies available to the alien as of right  . . . .

Massachusetts, for the offense of Operating a Motor Vehicle Under
The Influence of Alcohol/Intoxicant (6th Offense), and sentenced
to a term of imprisonment of 3 ½ to 4 ½ years.

By administrative Notice to Appear dated May 16, 2001, the
former Immigration and Naturalization Service ("INS") brought
removal proceedings against petitioner seeking his removal under
8 U.S.C. §§ 1237(a)(2)(iii) and under a later amendment
1237(a)(2)(E)(ii), as an alien convicted of an aggravated felony
and as an alien who has violated a protection order against
credible threats of violence, repeated harassment, or bodily
injury to the person or persons protected, respectively.  The INS
later withdrew the protection-order-violation charge of
removability due to issues relating to the effective date of the
Congressional amendment that created that basis of removability.
In the removal proceedings, the Immigration Judge did *not* sustain
the aggravated felony charge of removability based upon the
Operating under the Influence conviction.  However, the
Immigration Judge *did* sustain the aggravated felony charge based
upon the 1993 Assault and Battery conviction.

Petitioner applied to the Immigration Judge for
discretionary relief under former section 212(c) of the
Immigration and Nationality Act ("INA"), former 8 U.S.C. §
1182(c), and the petitioner's relief application was heard on the
merits under the authority of INS v. St. Cyr, 533 U.S. 289
(2001).  However, the Immigration Judge in the exercise of

administrative discretion ultimately determined that petitioner was undeserving of relief under former INA section 212(c), and on October 22, 2002, ordered him removed to Poland.  <u>See</u> Attachment A, Order of the Immigration Judge, October 22, 2002.  Petitioner submitted an appeal notice to the Board of Immigration Appeals outside the window for a timely appeal, and by decision dated January 23, 2003, the BIA dismissed the appeal for lack of jurisdiction for being out of time. <u>See</u> Attachment B, Decision of the Board of Immigration Appeals, January 23, 2003.

Petitioner has now filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging the lawfulness of his removal order.  He essentially disputes that his Operating Under the Influence conviction -- which was not sustained as a removability basis by the Immigration Judge -- is a deportable offense and that his other convictions cannot be properly regarded as "aggravated felonies" either because they are defined as misdemeanors under Massachusetts law, or because they weren't defined as "aggravated felon[ies]" at the time of the respective convictions, or both.

Petitioner remains in respondent's custody pending completion of arrangements for his removal to Poland.

**ARGUMENT**

I.  THE COURT LACKS JURISDICTION TO REVIEW PETITIONER'S
    REMOVAL ORDER BECAUSE PETITIONER HAS FAILED TO
    EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY 8
    U.S.C. § 1252(d)(1).

The Court lacks subject matter jurisdiction in this case to review petitioner's final order of removal because of petitioner's failure to satisfy the statutory exhaustion requirement of section 242(d)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(d)(1).  That section directs that:

> a court may review a final order of removal
> only if--
>
> (1) the alien has exhausted all administrative
> remedies available to the alien as of right
> . . . .

The Immigration Judge's administrative order of removal entered in petitioner's removal case was issued on October 22, 2002, and petitioner failed to perfect appeal of that order to the Board of Immigration Appeals ("BIA", "Board").  See Attachment B, Decision of the Board of Immigration Appeals, dated January 23, 2003 (dismissing untimely appeal for lack of jurisdiction).  Although the BIA in its January 23, 2003, dismissal advised the parties of the possibility of filing a motion to reopen with the Board to challenge the BIA's determination of untimeliness in petitioner's administrative appeal, petitioner failed to avail himself of this opportunity.

The First Circuit has held generally that "[i]ssues not raised before the Board may not be raised for the first time upon judicial review of the Board's decisions." Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1999) (issue not raised to the Board is forfeit);  Debab v. INS, 163 F.3d 21, 26 (1st Cir. 1998), quoting Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992) (under predecessor statute, claim not raised administratively is waived); see also  Alvarez-Flores v. INS, 909 F.2d 1, 8 (1st Cir.1990) ("Since petitioner did not raise the claim before the BIA, however, the doctrine of exhaustion of administrative remedies precludes it here.").  Said the First Circuit:  "This Court has long acknowledged that the doctrine of administrative exhaustion bars issues 'raised for the first time in a petition for review'". Bernal-Vallejo, 195 F.3d at 64 (citing  Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992)).

What is more, the First Circuit has held the statutory exhaustion requirement to be jurisdictional.  See Athehortua-Vanegas v. I.N.S., 876 F.2d 238, 240 (1st Cir. 1989); see also Vargas v. United States Dept. of Immigration & Naturalization, 831 F.2d 906, 907-08 (9th Cir. 1987);  Tejeda-Mata v. I.N.S., 626 F.2d 721, 726 (9th Cir. 1980), cert. denied,  456 U.S. 994 (1982).

In a case also examining the statutory exhaustion requirement at 8 U.S.C. § 1252(d), Sousa v. INS, 226 F.3d 28, 31 (1st Cir. 2000), the First Circuit observed that "[w]hatever our

own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion." The <u>Sousa</u> court remarked that section 1252(d) merely restates the prior exhaustion statute, former INA section 106(c), and that "most circuits, including this one, have described section 106(c) as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency." <u>Id</u>.

The circuit courts have also applied the statutory exhaustion bar of section 1252(d) to habeas corpus cases. <u>See</u> <u>Sun v. Ashcroft</u>, 370 F.3d 932, 939 (9th Cir. 2004) ("After undertaking our own close reading of § 1252, we agree with the other circuits that have considered the question and hold that § 1252(d)(1) imposes a statutory exhaustion requirement on immigration habeas petitioners."); <u>Theodoropoulos v. INS</u>, 358 F.3d 162, 171 (2d Cir. 2004) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus."); <u>Duvall v. Elwood</u>, 236 F.3d 228, 231 (3rd Cir. 2003)(" it suffices for us to say that the requisites of § 1252(d)(1) do indeed apply to petitions for habeas corpus, notwithstanding the fact that the statute does not specifically reference habeas corpus. To read the statute otherwise would defeat the statute's purpose in seeking to streamline the administrative process and in

preventing delay by premature and unnecessary recourse to a federal court.").

Moreover, it has been held that failure to pursue and exhaust available review may operates as a prudential waiver of habeas review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). See also Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004)(2004 WL 1238961, *1)(Ninth Circuit requiring "'as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241.'"(citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)).

Because petitioner has not "exhausted all administrative remedies available to [him] as of right", the court may not review his removal order. 8 U.S.C. § 1252(d)(1).  The instant petition should therefore be dismissed for lack of subject matter jurisdiction.

II.  EVEN IF HABEAS REVIEW IS AVAILABLE, PETITIONER'S CLAIMS ARE
     MERITLESS.

     At any rate, even assuming habeas review were not barred in

this case, petitioner's claims on petition fail to state any

colorable claim upon which relief may be granted and the case

should be dismissed for that reason.

     Habeas corpus review of removal orders, where it exists,

exists only for pure issues of law, not to substitute the

district court as a fact-finder for the Congressionally

prescribed administrative process.  See Goncalves v. Reno, et

al., 144 F.3d 110, 125 (1st Cir. 1998) ("[o]ur holding is narrow

and nothing we say should be taken to suggest that such [28

U.S.C. § 2241] review as is available on habeas is necessarily as

broad as the traditional administrative review available under

old § 106."); Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002)

("[f]ederal courts therefore retain subject matter jurisdiction

over habeas petitions brought by aliens facing removal to the

extent those petitions are based on colorable claims of legal

error, that is, colorable claims that an alien's statutory or

constitutional rights have been violated.").

     Even assuming arguendo that some habeas review is available,

petitioner fails to state any colorable claim upon which relief

may be granted.  To begin with, petitioner's retroactivity

argument regarding the application of the "aggravated felony"

definition to his 1993 Assault and Battery conviction has been

dispositively rejected in Sousa v. INS, 226 F.3d 28, 34 (1st Cir.

2000).  In <u>Sousa</u>, the First Circuit held that "when Congress in IIRIRA enlarged the definition of aggravated felony and made it explicitly applicable to convictions regardless of when they were entered, Congress made perfectly clear its intent that aliens in this enlarged class should now be subject to removal." <u>Sousa</u> at 33-34.  Moreover, the First Circuit added that "in IIRIRA, Congress made quite clear its intent to apply the enlarged definition retroactive and this explicit provision makes sense only if Congress also intended that this enlarged definition trigger removal, regardless of when the crime occurred.  Congress was interested in results, not labels.  Whether or not one likes the result, the decision was one for Congress.").

Therefore, the fact that petitioner's Assault and Battery conviction occurred in 1993, prior to the IIRIRA[3] amendment[4] in 1996, provides no basis for petitioner's assertion that the conviction was not properly determined to be an aggravated felony.  <u>See</u> Petition, pp. 7-8.

Moreover, whatever the merits of petitioner's argument that his Operating Under the Influence conviction is not a "crime of violence" and therefore does not constitute an aggravated felony,

---

[3] Illegal Immigration Reform And Immigrant Responsibility Act of 1996, enacted as Division C of the Departments of Commerce, Justice, and State, and the Judiciary Appropriations Act for 1997, Pub. L. No. 104-208, 110 Stat. 3009, ___ ( enacted Sept. 30, 1996) ("IIRIRA").

[4] <u>See</u> <u>generally</u> <u>Sousa</u>, <u>supra</u>, at 32-33 (setting out the statutory history of the "aggravated felony" definition, and the continued on next page

Petition, pp. 4-7, they are beside the point because the Immigration Judge did *not* sustain that (OUI) charge of removability, and petitioner's removal order is not based upon it.  Rather, the Immigration Judge determined only that petitioner was removable on the basis of his 1993 Assault and Battery conviction.

Finally, to the extent that petitioner may be arguing that his 1993 Assault and Battery conviction could not be characterized as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) because the offense is defined as only a misdemeanor under Massachusetts law, Petition, p.7, he is incorrect as a matter of law. See e.g. Hernandez-Barrera v. Ashcroft, 373 F.23 9, 14 n.5 (1st Cir. 2004)("Under the INA, a crime of violence for which the term of imprisonment is at least one year or a theft offense for which the term of imprisonment is at least one year constitutes an 'aggravated felony". INA § 101(a)(43)(F)(G), 8 U.S.C. § 1101(a)(43)(F), (G)"); Caggiano v. U.S., 977 F.2d 566 (1st Cir. 1992)(Table)(1999 WL 295141, **5 n.5) (court recognizing that even though a Massachusetts assault and battery offense may be defined as a misdemeanor under Massachusetts law, that offense may be a felony for federal law applications under a federal statute defining it as such).  See also United States v. Pacheco, 225 F.3d 148, 154 (2nd Cir. 2000)

significant changes wrought by IIRIRA sections 321(a)(3) and 321(b)).

("we note that nothing in the legislative history leads us to doubt our conclusion that a misdemeanor may, in some cases and consistent with legislative intent, fall within the INA's[5] definition of "aggravated felony.").

Accordingly, even if habeas corpus review of petitioner's removal order were available, the case should be dismissed for failure to state any "colorable claims of legal error".  Carranza v. INS, 277 F.3d at 71.

CONCLUSION

For all the reasons set out above, the Court should dismiss the action, and deny all other relief sought.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     United States Immigration &
     Naturalization Service
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

---

[5] Immigration and Nationality Act, codified at 8 U.S.C. §§ 1101 et seq.

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on August 31, 2004.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114