

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**\*S-0S-BELZOWSKI, BOGDAN MIECZYSLAW**     Office of the District Counsel/BOS
**INMATE #: W69370  (A#36-540-093)**    P.O. Box 8728
**INMATE HOUSING: CON**    Boston, MA  02114
**P.O. BOX 1218 HARVEY RD.**
**SHIRLEY,  MA  01464-1218**

Name: **\*S-0S-BELZOWSKI, BOGDAN MIECZYSLAW**    A36-540-093

Date of this notice: 01/23/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    GRANT, EDWARD R.

| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
|---|---|
| Executive Office for Immigration Review | |

Falls Church, Virginia 22041

File:   A36-540-093 - CONCORD                                      Date:

In re:  *S-0S-BELZOWSKI, BOGDAN MIECZYSLAW                         JAN 28 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ORDER:

PER CURIAM. The appeal is untimely. A Notice of Appeal (Form EOIR-26) must be filed within 30 calendar days of an Immigration Judge's oral decision or the mailing of a written decision unless the last day falls on a weekend or legal holiday, in which case the appeal must be received no later than the next working day. *See* 8 C.F.R. §§ 3.38(b), (c). In the instant case, the Immigration Judge's decision was rendered orally on October 22, 2002. The appeal was accordingly due on or before November 21, 2002. The record reflects, however, that the Notice of Appeal was filed with the Board of Immigration Appeals on December 16, 2002. We find that the appeal is untimely. In conjunction with the appeal, the respondent has filed a Motion For Leave to File Notice of Appeal Late. Respondent states that he was informed by his attorney that he was no longer being represented. He further states that factors such as "the closing of the library due to shortness of staff and the holiday" precluded him from filing timely. Respondent further states that he "has found help from another prisoner" in filing the Notice of Appeal. We do not find these factors to be adequate reasons to accept this appeal by certification. The Immigration Judge's decision is therefore now final, and the record is returned to the Immigration Court without further action. *See* 8 C.F.R. §§ 3.3(a), 3.38, 3.39, 240.14, and 240.15.

We note that because we have dismissed the appeal for lack of jurisdiction, either party wishing to file a motion in this case should follow the following guidelines: If you wish to file a motion to reconsider challenging the finding that the appeal was untimely, you must file your motion with the Board. However, if you are challenging *any other* finding or seek to reopen your case, you must file your motion with the Immigration Court. *See Matter of Mladineo*, 14 I&N Dec. 591 (BIA 1974); *Matter of Lopez*, 22 I&N Dec. 16 (BIA 1998). You should also keep in mind that there are strict time and number limits on motions to reconsider and motions to reopen. *See* 8 C.F.R. §§ 3.2(c)(2), 3.23(b)(1); *Matter of J-J-*, 21 I&N Dec. 976 BIA 1997).

FOR THE BOARD