UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOGDAN BELZOWSKI,            )<br>                              )<br>        Petitioner            )<br>                              )<br>   v.                         )<br>                              )<br> JOHN ASHCROFT, ET AL.,       )<br>                              )<br>        Respondents           ) | Civil Action No.<br>04cv11767-PBS |

RESPONDENT'S REPORT TO COURT AND SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Respondent[1] reports to the Court that after submission of Respondent's Return and Memorandum of Law in Support of Motion to Dismiss on August 31, 2004, the undersigned became aware of the August 30, 2004, decision of the First Circuit Court of Appeals in Sayyah v. Farquharson, --- F.3d --- (1st Cir. 2004) (2004 WL 1921824). Respondent therefore seeks leave of Court to file this brief supplement to its jurisdictional arguments made under 8 U.S.C. § 1252(d).

The Sayyah decision directly controls the instant case in that the First Circuit there declared "[w]e conclude that [8 U.S.C.] section 1252(d)'s exhaustion requirement applies generally to habeas corpus petitions. To hold otherwise would drastically limit the utilization of a salutary principle

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

customarily applied in respect to administrative proceedings. Such an interpretation would allow an alien subjected to an adverse decision to reject the very administrative review processes established to correct mistakes and to insist, instead, upon immediate access to a federal court. Accordingly, we hold that section 1252(d)'s exhaustion requirement applies broadly to all forms of court review of final orders of removal, including habeas corpus." Sayyah v. Farquharson, 2004 WL 1921824 at *5.

Respondent therefore respectfully seeks to augment its argument that the instant habeas action is barred under the terms of 8 U.S.C. § 1252(d) by drawing the Court's attention to the First Circuit's holding in Sayyah v. Farquharson, supra.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:  s/Frank Crowley
                          FRANK CROWLEY
                          Special Assistant U.S. Attorney
                          Department of Homeland Security
                          P.O. Box 8728
                          J.F.K. Station
                          Boston, MA 02114
                          (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on September 2, 2004.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
